IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HAMMEL J. CLARK, #316-351<br>　　　　Plaintiff, | *<br>*  |
| v. | CIVIL ACTION NO. RWT-07-19 |
| | * |
| MARYLAND DEPARTMENT OF PUBLIC<br>SAFETY AND CORRECTIONAL SERVICES,<br>　　　　Defendant. | * |

******

**MEMORANDUM**

Now pending is the Motion to Dismiss on in the Alternative Motion for Summary Judgment filed by the Maryland Department of Public Safety and Correctional Services.[1] Paper No. 7. The matter has been fully briefed, and no hearing is necessary. See Local Rule 105.6 (D. Md. 2004). For the following reasons, the Court will grant Defendant's Motion for Summary Judgment as to Maryland Department of Public Safety and Correctional Services.

**I      BACKGROUND**

In a complaint dated December 21, 2006, Plaintiff filed suit against the Maryland Department of Public Safety and Correctional Services, stating that he was electrocuted when he plugged in a fan.

---

[1] Also pending is Plaintiff's pending Motion to Amend (Paper No. 9), which shall be granted. Plaintiff's opposition to Defendant's Motion to Dismiss (Paper No. 11) also names additional Defendants. The opposition shall be construed as a Motion to Amend and the Clerk shall be directed to amend the docket to reflect that Sergeant Sampson, Nurse Brown, Nurse Parz, Sergeant Bell, and the Director of Correctional Medical Services are added as Defendants. A separate Order shall be issued directing these additional Defendants to respond to Plaintiff's Complaint. For the reasons that follow, the Court will not direct that Defendants Mary Ann Saars, Frank Sizer or Warden Williams be added as Defendants to this case.

Plaintiff's Motion to Appoint Counsel (Paper No. 10) will however, be denied. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. See Cook v. Bounds, 518 F.2d 779, 779 (4th Cir. 1975); see also Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). The court finds Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty and the complaint is not unduly complex. Therefore, in the exercise of its discretion, the court shall deny Plaintiff's request for appointment of counsel.

He states that he was denied adequate medical care for his injuries, and that the medical staff and correctional officers were deliberately indifferent to his serious medical needs.

## II        STANDARD OF REVIEW

The court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial). Nevertheless, in determining whether there is a genuine issue of material fact, the court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. See Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

## III       ANALYSIS

In his original Complaint, Plaintiff named only the Maryland Department of Public Safety and Correctional Services as a defendant. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. See Penhurst State School and Hospital v. Halderman, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus Plaintiff's allegations against the Maryland Department of Public Safety and Correctional Services are barred by the Eleventh Amendment.

To the extent Plaintiff's Complaint can be construed as having been filed against Secretary Mary Ann Saar, Commissioner of Corrections Frank Sizer, or Warden Williams, it is subject to dismissal.  Plaintiff has alleged no personal involvement by any of these Defendants.  Rather, Plaintiff contends that these individuals are properly named because they exercise supervisory authority over correctional and medical employees.  The doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. § 1983.  See Monell v. New York Dept. of Social Services, 436 U.S. 658, 691 (1978).   In order for supervisory liability to exist in a §1983 action, it must be established:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted); see also Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). Deliberate indifference is more than negligence.  As one court explained:

> Generally, a failure to supervise gives rise to a § 1983 liability, however, only in those situations in which there is a history of widespread abuse.  Only then may knowledge be imputed to the supervisory personnel. A single act or isolated incident are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability.

Wellington v. Daniels, 717 F.2d 932, 936 (4th Cir. 1983) (citations and footnote omitted).

Plaintiff has not pointed to any specific action or inaction on the part of the supervisory Defendants that in any way contributed to his injuries. Plaintiff notes that he filed a series of Administrative Remedy Requests regarding his concerns with his lack of medical care. Supervisory officials are, however, entitled to rely on medical judgments made by prison physicians. See Miltier v. Beorn, 895 F. 2d 848, 854-55 (4th Cir. 1989); see also Shakka v. Smith, 71 F. 3d 162, 167 (4th Cir. 1995).

**IV      CONCLUSION**

For the reasons stated, the Court will grant Defendant Maryland Public Safety and Correctional Services's Motion to Dismiss, deny appointment of counsel, permit amendment of the Complaint, and require counsel for the newly-added Defendants to Answer the Complaint.


  6/27/07  
DATE

                    /s/                    
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE